COPE, J.
(dissenting).
Because the insurance company and agent are exempt from the requirement to post bond, the order striking their pleadings was in error and the judgment should be reversed.
The trial court ordered the appellant unauthorized foreign insurer and insurance agent to post bond under authority of subsection 626.908(1), Florida Statutes (1997). There is, however, an exemption for a case arising out of an insurance contract covering “wet marine and transportation ... risks.” Id. § 626.912(1). The insurance policy in this case provides marine protection and indemnity insurance. Under the insurance code, a contract of marine protection and indemnity insurance is considered to be “wet marine and transportation insurance.” Id. § 624.607(2)(b). Since this insurance policy fits within the statutory definition of “wet marine and transportation insurance,” it follows that the appellants in this case are exempt from the requirement to post bond.
The majority opinion reasons that an insurance policy may come within the definitions of two or more kinds of insurance, see id. § 624.601, and that the parasailing rider should be treated as creating liability insurance which is not entitled to the statutory exemption.
The flaw in the logic is that under the insurance code, “marine protection and indemnity insurance” is statutorily defined as covering, among other things, insurance against loss arising out of the operation of a watercraft, “including liability of the insured for personal injury, illness, or death....” Id. § 624.607(l)(b). In other words, the legislature created this exemption for marine protection and indemnity policies, knowing that by statutory definition, such policies may include coverage for personal injury liability. Adding a rider which provides coverage for boat-towed parasailing does not change the underlying nature of the marine protection and indemnity policy.* Since the appellants were entitled to the benefit of the statutory exemption, the order now under review should be reversed and the cause remanded for proceedings on the merits.

 The rider refers to the coverage as protection and indemnity.